**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| EIGHT SLEEP, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOMNUS LAB and RAYNEWOOD AB, <br><br> Defendants. | Civil Action No. 2:25-cv-01011-JRG-RSP <br><br> **JURY TRIAL DEMANDED** |

**ORDER GRANTING EIGHT SLEEP, INC.'S MOTION FOR DEFAULT JUDGMENT
AND PERMANENT INJUNCTION**

Plaintiff, Eight Sleep Inc. ("Eight Sleep") has moved for a default judgement and permanent injunction. Eight Sleep alleges that Defendants Somnus Lab and Raynewood AB, is making, offering to sell, selling, and/or importing Sleep Pads into the United States that infringe Eight Sleep's U.S. Patent Nos. 10,792,461 (the "'461 Patent"), 12,377,240 (the "'240 Patent"), and 12,370,339 (the "'339 Patent") (collectively, the "Asserted Patents"). Eight Sleep alleges it will be irreparably harmed if the Court does not provide permanent injunctive relief to stop Defendants' infringing activities.

**FINDINGS AND CONCLUSIONS**

The Court makes the following findings and conclusions:

1.      This Court has jurisdiction over this matter pursuant to 35 U.S.C. §§ 1331 and 1338.

2.      This Court has personal jurisdiction over Defendants, as they have sold or offered to sell the accused products in this matter to consumers in the State of Texas, including the Eastern District of Texas. In addition, this Court is the proper venue for this action.

1

3.      Defendants have been properly served with the summons and complaint and have failed to appear or otherwise defend within the time required by the Federal Rules of Civil Procedure.

4.      A Clerk's Entry of Default was entered against Defendants on January 6, 2026. Docket No. 8.

5.      The grounds for default against Defendants have been clearly established, there is no evidence that Defendants' default was caused by good faith mistake or excusable neglect, and there has been no showing of substantial prejudice or undue harshness that will result from the entry of a default judgment. *Lindsay et al. v. Prive Corp., et al.*, 161 F.3d 886, 893 (5th Cir. 1998). Accordingly, upon weighing the relevant factors for consideration, a default judgment is appropriate against Defendants.

6.      Defendants have no known presence in the United States.

7.      Defendants offer for sale and sell sleep pads in the United States through its website located at https://somnuslab.com/.

8.      Defendants' offer for sale and sell their Sleep Pad which infringes the Asserted Patents.

9.      Eight Sleep alleges the Asserted Patents are valid and enforceable, and that Defendants' offer for sale, sale, distribution and importation of sleep pads into the United States has infringed and continues to infringe the Asserted Patents in violation of 35 U.S.C. § 271.

10.      Having failed to plead or otherwise defend within the time required by the Federal Rules of Civil Procedure, this Court accepts Eight Sleep's allegations relating to Defendants' infringement of the Asserted Patents as true. *Eisenhour v. Stafford*, No. 9:12-CV-62, 2013 WL 6212725, at *2 (E.D. Tex. Nov. 26, 2013).

11. Defendants' offer for sale, sale, distribution, and importation of sleep pads literally infringes at least claim 1 of each of the Asserted Patents.

12. Eight Sleep also requests that the Court enter an order that permanently enjoins Defendants and their subsidiaries, successors, assigns, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with them (including any affiliated entities) from infringing, directly or indirectly, the Asserted Patents by making, using, offering to sell, selling, importing into the United States, distributing, shipping, or otherwise disposing of the accused products or any sleep pads that are not more than colorably different therefrom.

13. Eight Sleep has presented sufficient evidence to establish that it has suffered an irreparable injury as a result of Defendants' infringement of the Asserted Patents, that remedies available at law, such as monetary damages, are inadequate to compensate for its injuries, that the balance of hardships between the parties favors a remedy in equity, and that the public interest would not be disserved by a permanent injunction.

14. Absent a permanent injunction, Defendants' offer for sale, sale, distribution, importation, and shipment of the accused products will result in immediate and irreparable injury to Eight Sleep in the form of continued loss of market share, the loss of Eight Sleep's exclusive patent rights, and harm to Eight Sleep's goodwill and reputation for providing premium products. Furthermore, because Defendants are a foreign companies with no apparent domestic presence, it may be difficult or impossible for Eight Sleep to collect a monetary judgment against Defendants.

## ENTRY OF JUDGEMENT

Based on these findings and conclusions, the Court enters judgement as follows:

1. Defendants and their subsidiaries, successors, assigns, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with them (including

any affiliated entities) are permanently enjoined from infringing, directly or indirectly, claim 1 of U.S. Patent Nos. Patent Nos. 10,792,461, 12,377,240, and 12,370,339, by making, using, offering to sell, selling, importing into the United States, distributing, shipping, or otherwise disposing of Somnus Sleep Pad or any sleep pad that are not more than colorably different therefrom.

2.    Defendants and their subsidiaries, successors, assigns, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with them (including any affiliated entities) shall immediately and permanently discontinue all advertising links on websites, social media, or search engines that direct to any webpage operated by Defendants (including all webpages with a www.somnuslab.com domain name) that reference Somnus Sleep Pads.

3.    Defendants and their subsidiaries, successors, assigns, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise are ordered to (1) turn over any existing inventory of Somnus Sleep Pads, or any colorable variations thereof, to Eight Sleep for destruction within 30 days, or (2) if a party objects to turning over its inventory to Eight Sleep, that party must, within 30 days of receiving notice of this order, provide a certification to Eight Sleep that it is not acting on be have of, as an independent contractor for, or otherwise in active concert or participation with Defendants or any of its subsidiaries, successors, assigns, officers, directors, agents, servants, or employees in acquiring or distributing inventory of Somnus Sleep Pads, or any colorable variations thereof.  Eight Sleep shall hold all inventory obtained hereunder and not destroy it until the final resolution of this case including the expiration of time to appeal.

**SO ORDERED**

Dated: _____, 2026

_____
**HON. RODNEY GILSTRAP**
**UNITED STATES DISTRICT COURT JUDGE**