# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| EIGHT SLEEP, INC., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 2:25-CV-01011-JRG-RSP |
| | § | |
| SOMNUS LAB *and* RAYNEWOOD AB, | § | |
| *Defendants*. | § | |
| | § | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Entry of Default Judgment and Permanent Injunction. **Dkt. No. 9**. Plaintiff filed this action on October 6, 2025, and served Defendants on December 2, 2025. *See* Dkt. Nos. 5, 6. Defendants were required to respond by December 24, 2025 (within twenty-one days of the service of the Complaint), but did not. Thereafter, upon request of Plaintiff, the Clerk of Court entered a Default on January 6, 2026. Dkt. No. 8.

After entry of a default, the Court has the discretion to enter a default judgment. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *see also* Fed. R. Civ. P. 55(b)(2). But a plaintiff must first make a *prima facie* showing of jurisdiction. *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001). The default judgment must be procedurally warranted, which is evaluated using the following factors: (1) whether material issues of fact are at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default are clearly established, (4) whether the default was caused by a good faith mistake or excusable neglect, (5) the harshness of a default judgment, and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *See Lindsey*, 161 F.3d at 893. There must also be a sufficient basis in the pleadings for any relief requested. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015).

In terms of the relief requested, courts may enter a permanent injunction to prevent infringement "in accordance with the principles of equity to prevent the violation of any right secured by a patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. To be entitled to a permanent injunction, plaintiff must demonstrate (1) "it has suffered an irreparable injury," (2) "remedies available at law . . . are inadequate to compensate," (3) "considering the balance of hardships . . . a remedy in equity is warranted," and (4) "the public interest would not be disserved by a permanent injunction." *eBay v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

Plaintiff has shown that this Court has federal question jurisdiction under 28 U.S.C. § 1332 because the claims arise under the Patent Act, 35 U.S.C. et seq. Dkt. No. 9 at 7. Plaintiff has additionally demonstrated that the Court personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because Defendants are not subject to the jurisdiction of any state court's general jurisdiction provided that they are "Swedish entities with no known presence in the U.S. other than selling or offering to sell the Sleep Pads to customers in the U.S." *Id.* Plaintiff has also shown that they properly served Defendants through the Texas Secretary of State, given that they were unable to serve Defendants at their respective business addresses or personal addresses of their officers even with reasonable diligence. *Id.* at 8; *see also* Dkt. No. 9-6 (showing several attempts at service). Plaintiff has therefore met the required *prima facie* showing that this Court has competent jurisdiction. Considering that Plaintiff does not request damages and Defendants received ample notice via service and other means (including email) and did not respond, the *Lindsey* factors are all in favor of the judgment that Plaintiff now requests. *Id.* at 8–10; *see also* Dkt. No. 9-9 (infringement letter).

Plaintiff additionally demonstrates that it is entitled to the specific relief sought. *Id.* at 11–12. In its Complaint, it identifies how Defendants' Sleep Pad infringes Claim 1 of U.S. Patent No. 10,792,461, Claims 1 and 29 of U.S. Patent No. 12,377,240, and Claims 1 and 29 of U.S. Patent

No. 12,370,339. Dkt. No. 1 ¶¶ 33–39, 46–54, 61–71. Plaintiff also provides claim charts plausibly alleging how each limitation of exemplary claims of those patents is infringed. Dkt. Nos. 9-2, -3, -4. Plaintiff also explains how Defendants induced other third party distributors and retailers to infringe. Dkt. No. 1 ¶¶ 40, 55, 72.

As for relief, Plaintiff requests a permanent injunction to prevent Defendants from ongoing patent infringement, which is a remedy available. Dkt. No. 9 at 12; 35 U.S.C. § 283. Specifically, Plaintiff requests that the Court permanently enjoin Defendants, and any "persons in active concert or participation with them," from (1) "infringing, directly or indirectly, claim 1 of" the asserted patents, by "making, using offering to sell, selling, importing into the United States, distributing, shipping, or otherwise disposing of" the allegedly infringing product "or any sleep pad[s] that are not more than colorably different therefrom," (2) "advertising links on websites, social media, or search engines that direct to any webpage . . . that references" the allegedly infringing product. Dkt. No. 9-11 at 3–4 ¶¶ 1–2. Plaintiff also prays for such persons to "turn over any existing inventory of" the allegedly infringing product, along with "any colorable variations thereof" to it for destruction, or certify that it is not in concert with Defendants. *Id.* at 4 ¶ 3. These specific requests are consistent with relief that courts have previously allowed for infringement. *See, e.g.*, *Mannatech, Inc. v. Glycoproducts Int'l, Inc.*, No. 3:06-471, 2008 WL 2704425, at \*4–5 (N.D. Tex. July 9, 2008) (enjoining defendant and those in concert from selling or distributing products, and ordering defendant to turn over any products to plaintiff's counsel).

As support for this relief, Plaintiff evidences that it will suffer irreparable noneconomic harms, for which other forms of relief are inadequate to compensate, in the form of, *inter alia*, reputational damage, loss of goodwill, and price erosion. Dkt. No. 9 at 12–16 (citing Dkt. No. 9-10 ¶¶ 7, 9). Plaintiff also demonstrates that the balance of equities between the parties and public

interest factors favor entry of the injunction because Defendants have not participated in the litigation, which has harmed Plaintiff's interests and will continue to do so, failure to enter the injunction will encourage others to infringe and erode the patent system, and no countervailing interests exist to counsel otherwise. *Id.* at 16–17.

For those reasons, the Court recommends that the Motion be **GRANTED** and the Default Judgment and Permanent Injunction be entered as stated in the Proposed Order filed alongside the Motion, Dkt. No. 9-11.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within fourteen (14) days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 5th day of February, 2026.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

4