**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| EIGHT SLEEP, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 2:25-cv-1011-JRG-RSP |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| SOMNUS LAB and RAYNEWOOD AB, | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFF EIGHT SLEEP, INC.'S OPPOSITION TO DEFENDANTS SOMNUS LAB
AND RAYNEWOOD AB'S MOTION TO SET ASIDE DEFAULT AND EXTEND TIME
TO FILE RESPONSIVE PLEADING**

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. FACTUAL BACKGROUND ................................................................................2

III. ARGUMENT .......................................................................................................4

    A.      Defendants Failed to Timely Object to the Report and Recommendation ..4

    B.      Defendants Were Properly Served in January 2026 ...................................5

    C.      Defendants' Request for a Retroactive Extension to File an Answer
          Should Be Denied ...................................................................................11

IV. CONCLUSION ...................................................................................................12

# TABLE OF AUTHORITIES

## CASES

*United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989) .................................................................. 4

*Gates v. Allstate Texas Lloyd's*, 267 F. Supp. 3d 861 (2016) .......................................................... 4

*Psara Energy, Ltd. v. Space Shipping, Ltd.*, 427 F. Supp. 3d 858 (2019) ...................................... 4

*BeatStars, Inc. v. Space Ape Limited*, 624 F. Supp. 3d 681 (E.D. Texas 2022) ............................ 4

*StoneCoat of Texas, LLC v. ProCal Stone Design, LLC*, 426 F. Supp. 3d 311 (E.D. Texas 2019) ....................................................................................................................... 4

*Int'l Transactions, Ltd. v. Embotelladora Agral Regionmontana SA de CV*, 277 F. Supp. 2d 654 (N.D. Tex. 2002) ............................................................................................. 5

*Nevels v. Trelleborg Pipe Seals Milford, Inc.*, No. 3:25-CV-242-KHJ-MTP, 2025 WL 1753586, at *2 (S.D. Miss. June 25, 2025) .......................................................................... 5

*Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933 (5th Cir. 1999) ............................... 8

*In re Chinese Manufactured Drywall Products Liability Litigation*, 742 F.3d 576 (5th Cir. 2014) ...................................................................................................................... 9

*Interscope Recs. v. Benavides,*241 F.R.D. 458; 2006 WL 842999; 2006 WL 842999 (2006) ................................................................................................................................... 9

*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490 (5th Cir. 2015) ............................... 9, 10

*Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114 (5th Cir. 2008) ............................................. 11

*Beitel v. OCA, Inc. (In re OCA, Inc.)*, 551 F.3d 359 (5th Cir. 2008) ....................................... 8, 11

*S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533 (5th Cir. 2003) ............... 11

## RULES

Fed. R. Civ. P. 4(k)(2) ..................................................................................................................... 3

Fed. R. Civ. P. 72(b)(2) ................................................................................................................... 4

## I.    INTRODUCTION

Plaintiff Eight Sleep, Inc. ("Eight Sleep") was founded in 2014 to fuel human potential through optimal sleep. Over the next ten years, the company invested millions of dollars in research and development to create the revolutionary Eight Sleep "Pod"—a bio-tracking sleep system that uses dynamic heating, cooling, and AI-driven temperature regulation to measurably improve sleep. Peer-reviewed studies show Eight Sleep's Pod leads to significant improvements in deep sleep, cardiovascular recovery, and overall sleep quality. The Pod was a groundbreaking product, and Eight Sleep received multiple patents (including the patents-in-suit) for its innovations. Eight Sleep also won numerous awards, including TIME Magazine's 100 Best Inventions; Red Dot Design Award for exceptional industrial design; and Fast Company's recognition of Eight Sleep as one of the world's most innovative companies—twice.

Rather than invest years developing their own innovation, Defendants Somnus Lab and Raynewood AB (collectively, "Defendants") took a shortcut. They copied Eight Sleep's Pod and began offering to sell an infringing version of the product. On October 6, 2025, shortly after learning of Defendants' infringement, Eight Sleep filed this action for infringement of Eight Sleep's patents-in-suit. Defendants made the strategic decision not to appear or otherwise respond to the complaint within the allotted time. Contrary to Defendants' assertion, Defendants were served by mail in January 2026 and were repeatedly notified of this case via email. Only after being served with Magistrate Judge Payne's Report and Recommendation on April 23, 2026, did Defendants elect to engage outside counsel and make an appearance.

That is too little, too late. Eight Sleep is being irreparably harmed by Defendants' infringement. Eight Sleep requests that the Court adopt Magistrate Judge Payne's Report and Recommendation and overrule Defendants' belated objections.

## II.    FACTUAL BACKGROUND

On September 29, 2025, counsel for Eight Sleep sent Defendants a letter via email alleging infringement of the patents-in-suit. (Smith Decl.[1], Ex. 1). On October 3, 2025, "Somnus Legal Counsel" responded to the letter stating that "Somnus Lab categorically rejects your allegations of infringement." (Smith Decl., Ex. 2). Defendants provided no explanation for their categorical rejection. In response, Eight Sleep filed this action on October 6, 2025. (Dkt. No. 1).

On October 7, 2025, Eight Sleep sent an email attaching a copy of the Complaint and Summons to the same address from which Somnus's Legal Counsel had responded a few days earlier, requesting waiver of foreign service. Eight Sleep received no response. Eight Sleep then spent nearly two months attempting to hand serve Defendants in Sweden. Those efforts were unsuccessful because, according to the process server, the Defendants' registered address was vacant. Smith Decl. ¶ 5. The process server then attempted to serve the CEO (Chu Zhu) and Vice CEO (Weiyan Shao) at their respective residences but neither opened their door, in response to the process server. *Id.* The process server concluded that the corporate executives were either out of the country or evading service. *Id.* Shortly after receiving email about this lawsuit, Somnus stopped offering its infringing product to United States customers. Smith Decl. ¶ 6.

On December 3, 2025, Eight Sleep served the Texas Secretary of State. (Dkt. No. 5, 6). Counsel for Eight Sleep emailed a copy of the summons return form to the same email address from which "Somnus Legal Counsel" had replied months earlier. (Smith Decl., Ex. 4). The Texas Secretary of State subsequently certified that it sent, by registered mail, a copy of the complaint and summons to each Defendant. Smith Decl., Exs. 7-8. The letter to Somnus Lab was

---

[1] "Smith Decl." refers to the Declaration of Ryan R. Smith of May 14, 2026, which is file concurrently herewith.

returned bearing the notation "return to sender." *Id.* No response was received with respect to Raynewood AB. *Id.*

The clerk entered default on January 6, 2026. (Dkt. No. 8). On February 5, 2026, Magistrate Judge Payne issued a Report and Recommendation regarding Eight Sleep's Motion for Default Judgment and Permanent Injunction. Magistrate Judge Payne recommended entry of default judgment and a permanent injunction based on several factual findings relevant to Defendants' motion:

- "Plaintiff has additionally demonstrated that the Court has personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because Defendants are not subject to the jurisdiction of any state court's general jurisdiction provided that they are 'Swedish entities with no known presence in the U.S. other than selling or offering to sell the Sleep Pads to customers in the U.S.'" (Dkt. No. 10 at 2).

- "Plaintiff has also shown that they properly served Defendants through the Texas Secretary of State, given that they were unable to serve Defendants at their respective business addresses or personal addresses of their officers even with reasonable diligence." *Id.*

- "Plaintiff has therefore met the required prima facie showing that this Court has competent jurisdiction." *Id.*

- "Defendants received ample notice via service and other means (including email) and did not respond…" *Id.*

Eight Sleep then attempted to serve the Report and Recommendation on Defendants. On April 23, 2026, Zhe Cao (a director of Raynewood AB) was personally served with the Report and Recommendation along with the Complaint and Summons. (Dkt. No. 11-2).

-3-

III.    ARGUMENT

   A.    **Defendants Failed to Timely Object to the Report and Recommendation**

Under Rule 72(b)(2), "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). When no party objects to a magistrate judge's Report and Recommendation, the district court is not required to conduct *de novo* review and need only determine whether the Report and Recommendation is "clearly erroneous, an abuse of discretion, or contrary to law." *See United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989); *see also Gates v. Allstate Texas Lloyd's*, 267 F. Supp.3d 861 (2016) ("The objections to the R&R must specifically identify those findings or recommendations that the party wishes to have the district court consider").

Defendants have not filed objections to the Report and Recommendation. This Court's review of the Report and Recommendation should, therefore, be under a clearly erroneous standard. Defendants may argue that their Motion should be construed as objections. But even so, Defendants failed to file their Motion within 14-days of issuance of the Report and Recommendation on February 5, 2026 or even within 14-days of admittedly being served with the Report and Recommendation on April 23, 2026. Any objections are not timely.

Even overlooking the untimely nature of the objections, parties filing objections "must specifically identify those findings or recommendations to which objections are being made." *See Psara Energy, Ltd. v. Space Shipping, Ltd.*, 427 F. Supp.3d 858 (2019); *see also BeatStars, Inc. v. Space Ape Limited*, 624 F. Supp.3d 681 (E.D. Texas 2022). To be specific, "an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found." *StoneCoat of Texas, LLC v. ProCal Stone Design,*

-4-

*LLC*, 426 F. Supp.3d 311 (E.D. Texas 2019). Defendants fail to even discuss the Report and Recommendation and, therefore, fail to articulate any specific objection to any of the factual findings.

The Court should, therefore, accept the Report and Recommendation. To the extent that the Court reviews any aspect of the Report and Recommendation, it should do so under the clearly erroneous standard.

### B.      Defendants Were Properly Served in January 2026

The crux of the motion is that Defendants were not served until April 23, 2026. As explained above, Defendants were, in fact, served by mail in January 2026. Under Article 10(a) of the Hague Convention, service by mail is permitted unless the destination country objects to service by mail. *See Int'l Transactions, Ltd. v. Embotelladora Agral Regionmontana SA de CV*, 277 F. Supp. 2d 654, 662 (N.D. Tex. 2002) ("After conducting an extensive analysis of Texas law and the service of process requirements of the Hague Convention, the court determined that international service of process on a foreign defendant, through substituted service upon the Texas Secretary of State, is permissible under Article 10(a) of the Hague Convention."). Sweden has not objected to service by mail. *See Nevels v. Trelleborg Pipe Seals Milford, Inc.*, No. 3:25-CV-242-KHJ-MTP, 2025 WL 1753586, at *2 (S.D. Miss. June 25, 2025). Contrary to Defendants' assertion, the Hague Convention does not prohibit service by mail through the Texas Secretary of State.

Though permissible, the Court has discretion on whether to permit alternative service. *See J&H Web Technologies, LLC v. Square Cat Software Ltd., et al.*, No. 2:23-CV-0279-JRG (E.D. Tex. Jan. 1, 2026). Accordingly, Eight Sleep attempted service under the Hague Convention before resorting to alternatives. *See ElectricProtect Corp. v. Zhongshan Kaper*

-5-

*Electrical Co., Ltd. et al.*, No. 2:24-cv-00547-JRG, Dkt. No. 11 (E.D. Tex. Jan. 3, 2025). As discussed above, Plaintiff attempted to serve Defendants in Sweden for nearly two months without success due to Defendants' only known business address being vacant and the CEO and Vice CEO not being present at their respective residences in Sweden. (Smith Decl. ¶ 5). Only then did Eight Sleep serve Defendants through the Texas Secretary of State. Further, Eight Sleep has presented evidence that the Texas Secretary of State, in fact, served the complaint and summons on Defendants via registered mail in January 2026. (Smith Decl., Exs. 7-8).

The Zhu Declaration incorrectly asserts that on April 23, 2026 he received "a package forwarded by the Texas Secretary of State containing the Summons and Complaint in this case." (Dkt. No. 12-1, Zhu Decl. ¶ 6). However, the Texas Secretary of State indicated that the complaint and summons were sent by registered mail in January 2026. (Smith Decl., Exs. 7-8). What Zhu received was a letter from Eight Sleep's outside counsel, which included, among other documents, the Complaint, Summons, and Report and Recommendation. (Dkt. No. 11-2, Affidavit of Service). The screenshot included at the end of the Zhu Declaration, which is reproduced below, confirms that the cover letter was from "WILSON SONSINI," not the Texas Secretary of State:



(Dkt. No. 12-1 at 4).

There is also unrebutted evidence that Defendants had notice of this lawsuit since at least October 7, 2025. (Smith Decl., Ex. 3). As outlined above, Eight Sleep sent multiple emails regarding this lawsuit to "legal@somnulab.com." (Smith Decl., Exs. 3-4). Counsel for Eight Sleep received an email from this address from an individual purporting to be "Somnus Legal Counsel" just days earlier. Eight Sleep also sent an email confirming that Eight Sleep had completed service of the Complaint and Summons through the Texas Secretary of State. Smith Decl., Ex. 4. Counsel for Eight Sleep never received any delivery failure notification in response to its email messages to "legal@somnulab.com." (Smith Decl. ¶¶ 2, 4, 7). The Zhu Declaration carefully avoids any discussion of the emails and, remarkably, never mentions that Defendants first learned of the lawsuit upon receiving an email on October 7, 2025—approximately four months before the Report and Recommendation.

Defendants also argue that "Somnus Lab is not a separate legal entity." (Dkt. No. 12-1, ¶ 5). In direct contradiction, they state that "Defendants are foreign entities organized under the

-7-

laws of Sweden." (Dkt. No. 12 at ¶ 14). Defendants further state that "both Defendants are Swedish entities with their principal places of business in Sweden." *Id*. at ¶ 22. Defendants' shifting stance on Somnus Lab falls short of establishing a clear error with the Report and Recommendation.  On the contrary, Defendants' own statements confirm that the Report and Recommendation was correct.

Service was proper and Defendants' objection should be overruled.

**C. Entry of Default Should Not Be Set Aside Under Rule 55(c)**

Defendants argue that their default should be set aside for good cause under Rule 55(c). (Dkt. No. 12  ¶¶ 12–17).  *See Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933 (5th Cir. 1999).  Defendants bear the burden of establishing good cause and fall far short.

There are compelling reasons why the Court should not set aside default judgment. As an initial matter, Defendants focus on the wrong standard. The good cause standard applies to cases where default has been entered, but the Court has not yet decided whether to enter default judgment. Here, Magistrate Judge Payne issued a Report and Recommendation. As discussed above, having failed to file timely objections, the Court should review the Report and Recommendation for clear error only.

But even under a good cause standard, Defendants' arguments still fail. As discussed below, none of the three factors weigh in favor of overruling the Report and Recommendation and lifting entry of default.

### 1.   Defendants' Willful Default

"A willful default is an 'intentional failure' to respond to litigation." *See Beitel v. OCA, Inc. (In re OCA, Inc.)*, 551 F.3d 359, 370 n.32 (5th Cir. 2008). As discussed above, there is ample evidence that Defendants learned of the lawsuit when it was filed in October 2025. As

-8-

stated in the Report and Recommendation: "Defendants received ample notice via service and other means (including email) and did not respond…" (Dkt. No. 10 at 2); *see also In re Chinese Manufactured Drywall Products Liability Litigation*, 742 F.3d 576, 594 (5th Cir. 2014) ("When […] a defendant's neglect is at least a partial cause of its failure to respond, the defendant has the burden to convince the court that its neglect was excusable, rather than willful, by a preponderance of the evidence.").

Defendants argue that they "did not receive actual notice of the lawsuit until April 23, 2026," but they provide no evidence to support this assertion. (Dkt. No. 12 at ¶ 14). The Zhu Declaration is conspicuously silent on when he first learned about the lawsuit. Defendants never address the email correspondence between Eight Sleep and "Somnus Legal Counsel" regarding this lawsuit. *See* Smith Decl. Exs. 2-5. This email correspondence, coupled with Defendants' incredulous denial of notice until April 2026, confirms that Defendants willfully defaulted.[2] *See Interscope Recs. v. Benavides*, 241 F.R.D. 458, 461, 2006 WL 842999, 2006 (W.D. Tex. 2006) (default was willful where defendant had "actual notice of the lawsuit in ample time to file an answer" but "neglected to do so with no apparent excuse other than her status as a layman."). Defendants' conduct is critical because "[a] finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500 (5th Cir. 2015).

---

[2] The fact that Defendants stopped offering their infringing product to United States customers after receiving email correspondence about the lawsuit further confirms that Defendants knew of the lawsuit. (Smith Decl., ¶ 6).

### 2.    Eight Sleep Would Face Prejudice

Eight Sleep brought this case in October 2025 to stop an emerging direct competitor from selling an infringing product. As discussed by Eight Sleep's co-inventor and co-founder, Massimo Bassi, "[e]ach sale by Somnus would likely translate into a lost sale to Eight Sleep." (Dkt. No. 9-10, ¶ 9a). "The impact of even one lost sale is substantial and could negatively impact Eight Sleep for years." Id. Further, "Somnus offered its product for hundreds of dollars less than Eight Sleep's competing product. The potential for a lower-priced alternative could cause customers to delay their purchase in anticipation of Somnus resuming United States sales or Eight Sleep lowering its prices to match Somnus." (Id. at ¶ 9b). Eight Sleep's concerns were magnified by Defendants' recent social media posts. Specifically, Defendants initially offered their infringing product to United States consumers but stopped shortly after receiving emails about this lawsuit. (Smith Decl. ¶ 6). However, on April 8, 2026, Defendants issued a statement on the popular social media site Reddit, that: "[f]or our US community, we're just about 1-2 weeks out! Stay tuned, and feel free to ask if you need more info." (Dkt. No. 11-4 at 1/2). In other words, Defendants are planning imminent sales to the United States which would irreparably harm Eight Sleep's business. If the Court were to lift the default, Eight Sleep would be left in the difficult position of having to effectively restart litigation, having lost at least seven months due to Defendants' delays. Absent an injunction, Eight Sleep's business would be substantially harmed. Defendants have clearly failed to satisfy their burden of establishing lack of prejudice.

### 3.    Defendants Failed to Identify Any Meritorious Defense

"A district court has the discretion to refuse to set aside a default judgment under Rule 60(b)(1) if the defendant fails to present a meritorious defense sufficient to support a finding on

the merits for the defaulting party." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 120 (5th Cir. 2008). Defendants bear the burden of establishing a meritorious defense such that the outcome of litigation could be different if it were allowed to proceed to trial on the merits. *See In re OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008). Eight Sleep submitted infringement claim charts with its Motion for Default Judgment and Permanent Injunction, which Defendants never address. *See* (Dkt. No. 9-2, Claim Chart for '461 Patent; Dkt. No. 9-3, Claim Chart for '240 Patent; Dkt. No. 9-4, Claim Chart for '339 Patent). As the record stands, there is unrebutted evidence of patent infringement. Defendants also mention that they will challenge "validity," but they fail to identify any prior art or otherwise explain the nature of the potential defense.

### C.  Defendants' Request for a Retroactive Extension to File an Answer Should Be Denied

Defendants' request for an extension to answer the Complaint should be denied. (Dkt. No. 12 ¶¶ 27-37). Following entry of default and Magistrate Judge Payne's Report and Recommendation, Defendants' sole recourse was to lodge timely objections. Defendants cannot circumvent the need to establish "clear error" by belatedly seeking an extension on their answer.

Even if Defendants could, as a procedural matter, circumvent the Report and Recommendation by seeking a retroactive extension, the good cause standard requires the party seeking relief to show that the deadline could not be met despite that party's diligence. *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003). As explained above, Defendants had knowledge of the lawsuit from the day of filing and were served by registered mail. Defendants provided no explanation for their failure to take action upon learning of this lawsuit. Nor have Defendants explained why they were unable to serve objections to the Report and Recommendation within fourteen days of being served on April 23, 2026.

## IV.    CONCLUSION

Defendants have fallen far short of establishing any clear error in Magistrate Judge Payne's Report and Recommendation. The Report and Recommendation found that "Plaintiff has also shown that they properly served Defendants through the Texas Secretary of State, given that they were unable to serve Defendants at their respective business addresses or personal addresses of their officers even with reasonable diligence" and further found that "Defendants received ample notice via service and other means (including email) and did not respond…" (Dkt. No. 10 at 2). Defendants' counter-assertion—that they did not receive notice of this lawsuit until April 23, 2026—is demonstrably false. After delaying this case for months, Defendants should not be rewarded with yet another opportunity to respond to the Complaint after having made the strategic decision to ignore this case.

Date: May 14, 2026                                    Respectfully submitted,

By:    */s/ Ryan R. Smith*

Ryan R. Smith
Admitted in EDTX, CA Bar No. 229323
Ryan R. Smith (rsmith@wsgr.com)
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

*Attorney for Plaintiff Eight Sleep, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that in accordance with the Federal and Local rules the foregoing document is being filed on May 14, 2026 via the Court's CM/ECF filing system, and that a copy of the foregoing documents has been served on Defendants via their counsel of record.

By: *  /s/ Ryan R. Smith*

Ryan R. Smith