THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EIGHT SLEEP, INC. | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. 2:25-cv-1011 |
| | § | |
| *v.* | § | **Judge: Rodney Gilstrap** |
| | § | |
| SOMNUS LAB AND RAYNEWOOD AB, | § | **Jury Demanded** |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO
SET ASIDE DEFAULT AND EXTEND TIME TO FILE RESPONSIVE PLEADING**

Defendants SOMNUS LAB ("Somnus") and RAYNEWOOD AB ("Raynewood") (collectively, "Defendants"),[1] by and through their counsel, respectfully file their Reply to Plaintiff's Opposition to Motion to Set Aside and Extend Time to File Responsive Pleading. In support thereof, Defendants respectfully show unto the Court the following:

**A.    The Attempted Service through Texas Secretary of State Is Improper.**

1.    In its Opposition, Plaintiff contends that service of process was properly made on Defendants based on registered mail forwarded by the Texas Secretary of State in January 2026. But Texas Civil Practice and Remedies Code §§ 17.044 and 17.045 govern substituted service on nonresident defendants through the Secretary of State. These provisions require strict compliance, including the plaintiff's obligation to provide the correct name and address of the defendant, after which the Secretary of State must forward process by registered or certified mail, return receipt requested. TEX. CIV. PRAC. & REM. CODE §§ 17.044 and 17.045.

2.    Texas law is clear that strict compliance with the rules for service of citation must affirmatively appear in the record for a default judgment to withstand attack by restricted appeal.

---

[1] Somnus Lab is not a separate legal entity but a brand/trademark owned by Raynewood AB.

*Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex. 1994); *Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex. 1990); *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex. 1985). Courts may not indulge presumptions in favor of valid issuance, service, and return of citation in the face of such a challenge. *Primate,* 884 S.W.2d at 152.

3.    When the Secretary of State's return of service bears a notation such as "NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD" or "Return to Sender, Vacant, Unable to Forward," Texas courts treat that notation as prima facie evidence that the address provided by the plaintiff was incorrect and that the defendant was not properly served. *GMR Gymnastics Sales, Inc. v. Walz*, 117 S.W.3d 57, 59 (Tex. App.—Fort Worth 2003, pet. denied). That is precisely what occurred here as the Texas Secretary of State's registered mail to Defendant Somnus Lab, sent on January 5, 2026, was returned on February 25, 2026, bearing the notation: "Return to Sender, Unclaimed, Unable to Forward." [*See* Doc. # 13-8, p. 3]. This return affirmatively demonstrates that the statutory forwarding attempt failed and that service was not completed as required by §§ 17.044–17.045.

4.    Similarly, the Secretary of State's registered mail to Defendant Raynewood AB, sent on January 6, 2026, resulted in no confirmation of delivery, with the Secretary of State indicating that no response or receipt was ever received. [Doc. # 13-9, p. 3]. This further confirms that the statutory mailing procedure did not effectuate service on Defendant Raynewood AB either.

5.    These official records are dispositive. They establish that the Secretary of State's statutory forwarding function did not result in delivery or acceptance of service for either Defendant, and thus Plaintiff cannot demonstrate strict compliance with the statutory service requirements.

6.      Even assuming *arguendo* that Sweden permits informal service by mail or imposes no additional requirements for service on Swedish entities, such considerations are irrelevant to the analysis. The controlling issue is whether Plaintiff strictly complied with Texas's statutory requirements for substituted service through the Secretary of State. Equally controlling is that Plaintiff failed to comply with the Hague Convention requirements, most notably that all documents served through the Hague Service Convention (Article 5) be translated into Swedish.[2] As this did not occur service is improper.[3]

7.      Plaintiff's Opposition effectively relies on a theory of substantial compliance or presumed receipt. Texas law rejects that approach in the context of default judgments, as strict compliance with rules for service of citation must affirmatively appear on record for default judgment. *Primate,* 884 S.W.2d at 151.

8.      Because the record affirmatively demonstrates that the Secretary of State's forwarding attempts failed and that statutory requirements were not strictly satisfied, service of process on Defendants is defective as a matter of law and insufficient to support default judgment.

9.      Accordingly, the default judgment should not be entered or must be set aside, and all proceedings predicated on such defective service are void and of no force or effect.

**B.      The Court Lacked Personal Jurisdiction to Enter Default on January 6, 2026.**

10.      In *Rogers v. Hartford Life and Acc. Ins. Co.*, the Fifth Circuit held that "when a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void." 167 F.3d 933 (5th Cir. 1999). The Fifth Circuit further held that "a district court

---

[2] *See* https://www.hcch.net/en/states/authorities/details3/?aid=275 (last visited May 10, 2026). Electronic service including email is not permitted. *Id.*; *Topstone Comm. Inc. v. Xu*, 603 F. Supp. 3d 493, 499-500 (S.D. Tex. 2022).

[3] *See L.K. ex rel. Yarborough v. Mazda Motor Corp.*, No. CIV A 3:09-CV-469-M, 2009 WL 1033334, at *1-2 (N.D. Tex. Apr. 15, 2009); *Chukkapalli v. Mandava*, No. 05-15-01287-CV, 2017 WL 2871416, at *2 (Tex. App.—Dallas June 30, 2017, no pet.); *Luxottica Group S.p.A. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 391 F. Supp. 3d 816 (N.D. Ill. 2019).

must set aside a default judgment as void if it determines that it lacked personal jurisdiction over the defendant because of defective service of process." *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389 (5th Cir. 2001).

11.     Federal district courts within the Fifth Circuit have consistently applied this framework. For example, in *Dan-Bunkering (America), Inc. v. Ichor Oil, LLC*, a federal district court in the Northern District of Texas vacated a default judgment as void where the record did not contain proper documentation of service at the time the clerk entered default, holding that the court lacked personal jurisdiction over the foreign corporation. 561 F. Supp. 3d 710, 715 (N.D. Tex. 2021).

12.     The same result is required here as Plaintiff cannot establish strict compliance with the statutory requirements for service through the Texas Secretary of State, Defendants were never properly served as a matter of law on January 6, 2026, when the default was ruled upon. Without valid service of process, this Court never acquired personal jurisdiction over Defendants.

13.     Accordingly, the proposed entry of default against Defendants is void *ab initio* and must be set aside. Plaintiff's contention that Defendants failed to timely object to the Report and Recommendation is unavailing because a void judgment may be challenged at any time and is not subject to waiver, forfeiture, or procedural default.

**C.      Plaintiff's Argument Is Fundamentally Based on a Flawed Assumption.**

14.     Plaintiff further argues that Defendants intentionally failed to respond to the litigation, that Plaintiff would be prejudiced absent default, and that Defendants have failed to identify a meritorious defense-which is false. These arguments are fundamentally premised on the erroneous assumption that Defendants were properly served and that this Court obtained personal jurisdiction over them. As demonstrated above, that assumption is incorrect as a matter of law.

15. The U.S. Supreme Court, in *Mullane v. Central Hanover Bank & Trust Co.*, established the governing constitutional principle: "an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 339 U.S. 306, 314 (1950). The Court emphasized that "the fundamental requisite of due process of law is the opportunity to be heard." Critically, *Mullane* held that process which is "a mere gesture is not due process" — the means employed "must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.* at 314-315.

16. Plaintiff's reliance on alleged non-responsiveness, purported prejudice, or the absence of a meritorious defense (This was shown in Defendants' moving papers) improperly diverts the analysis from the threshold constitutional and jurisdictional requirements governing valid service of process. Where service is defective and personal jurisdiction is absent, a default judgment cannot be justified by equitable considerations, nor may it be sustained on the basis of presumed notice or alleged inaction by a party that was never properly served. In short, due process is not satisfied by speculation as to intent or prejudice; it is satisfied only by strict compliance with legally sufficient service of process. Because Plaintiff failed to effect proper service under Texas law, Defendants were deprived of constitutionally adequate notice and an opportunity to be heard.

**CONCLUSION**

17. For the above reasons, Defendants' Motion to Set Aside Default and Extend Time to File Responsive Pleading should be granted.

DATED: May 21, 2026

Respectfully submitted,

**Archer & Greiner, P.C.**

BY: */s/ Brian M. Gargano*
Brian M. Gargano (SBN 24102898)
3040 Post Oak Blvd Ste 1800-150
Houston, TX 77056
Telephone: (713) 970-1066
Email: bgargano@archerlaw.com

Yaou Li (SBN 24102093)
(*Admission Application to be Filed*)
**Golden Bright International Law Group**
300 Spectrum Center Dr., Suite 400
Irvine, California 92618
Telephone: (832) 693-9145
Email: yli@goldenbrightlaw.com

*Counsel for Defendants*
*Somnus Lab and Raynewood AB*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that in accordance with the Federal and Local rules the foregoing document is being filed on this 21st day of May 2026 via the Court's CM/ECF filing system, and that a copy of the foregoing documents has been served on Defendants via their counsel of record.

*/s/ Brian M. Gargano*
Brian M. Gargano