## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| EIGHT SLEEP, INC., | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 2:25-CV-01011-JRG-RSP |
| | § | |
| SOMNUS LAB *and* RAYNEWOOD AB, | § | |
| *Defendants.* | § | |
| | § | |

## ORDER

Before the Court is Defendants Somnus Lab and Raynewood AB's Motion to Set Aside Default and Extent Time to File Responsive Pleading. **Dkt. No. 12**. As to posture, the Clerk of Court previously entered a Default on January 6, 2026. Dkt. No. 8. Following Default, on Plaintiff's Motion for Entry of Default Judgment and Permanent Injunction, Dkt. No. 9, this Court previously issued a Report and Recommendation, Dkt. No. 10, recommending grant of default judgment and permanent injunction. The Court has not adopted that recommendation.

A court may set aside entry of default or default judgment for good cause. Fed. R. Civ. P. 55(c); *id.* 60(b). To determine whether good cause exists, courts consider "whether the default was willful, whether setting it aside would prejudice the adversary, [] whether a meritorious defense is presented," and whether "the defendant acted expeditiously to correct the default." *In re Dierschke*, 975 F.2d 181, 183–84 (5th Cir. 1992). A court should not be "agnostic" to the entry of default judgment, which is a "serious[]" remedy and is "generally disfavored in the law." *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). Default judgment "should not be granted on the claim, without more, that the default had failed to meet a procedural time requirement." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984). Thus, "where there are no intervening equities, any doubt should, as a general proposition, be resolved in favor

of the movant to the end of securing a trial upon the merits." *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960).

Having balanced the factors in view of the fully considered briefing, the Court finds that good cause exists here such that Defendants' Motion (Dkt. No. 12) is **GRANTED**. Accordingly, it is hereby

**ORDERED** that the Court's previous Report and Recommendation (Dkt. No. 10) is **VACATED**. Additionally, it is

**FURTHER ORDERED** that the Clerk's entry of Default (Dkt. No. 8) is **SET ASIDE**.

The Court therefore finds that Plaintiff's prior Motion for Entry of Default Judgment and Permanent Injunction (Dkt. No. 9) should be and hereby is **DENIED** as moot. It is

**FURTHER ORDERED** that Defendants file their responsive pleading within fourteen (14) days of this Order. It is

**FURTHER ORDERED** that counsel for the Parties attend the next available scheduling conference thereafter, currently set to begin on July 29, 2027, at 9:00 a.m., before Judge Gilstrap in Marshall, Texas.

**SIGNED this 27th day of May, 2026.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

2